LEACH COMPANY, Appellant, vs. CLARK and others, imp., Respondents.

*June 3—June 24, 1929.*

294

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Edward J. Dempsey.*

For the respondents there was a brief by *Nash & Nash* of Manitowoc, attorneys for T. A. Clark and the Manitowoc Savings Bank, and by *Markham & Markham* of Independence, attorneys for the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, and oral argument by *W. J. Clark* of Manitowoc.

FOWLER, J.   The plaintiff claims that as to the property attached the contract was a conditional sales contract and properly filed and that its lien is superior to that of the attachments.   The defendants claim that as to such property the contract was a chattel mortgage; that the contract was not properly filed because not filed with the city clerk of Seymour, and that the lien of their attachments is superior to that of plaintiff under the contract.   The plaintiff also claims that if the instrument was a chattel mortgage, it was still properly filed because the purchaser was a nonresident.

Sec. 122.06 of the Statutes provides that a conditional sales contract or copy shall be filed in the office of the clerk of the town, city, or village in which the goods are first kept for use by the buyers after sale.   If the instrument was a conditional sales contract it was properly filed and the position of plaintiff is correct, as the contract was filed with the clerks of the city and town where the property was first used by the buyer.

Sec. 241.10 of the Statutes provides that a chattel mortgage or a copy may be filed in the office of the clerk of the town, city, or village where the mortgagor resides, or, if he is a nonresident of the state, then in the office of the clerk of the town, city, or village where the property mortgaged may be at the time of the execution of the mortgage. If the instrument was a chattel mortgage it was improperly filed if Trace was a resident of Seymour at the time of its execution, and the lien created by the attachments is superior to that of the contract. If Trace was a nonresident of the state at that time it was properly filed, and the lien created by the contract is superior to that created by the attachments even if the contract was a chattel mortgage.

Was the contract a chattel mortgage? The essential of a chattel mortgage is that it be a transfer of the property as security for a payment of money. We cannot say the contract here was such an instrument. To make it a chattel mortgage there would have to be a conveyance from Trace back to the Oshkosh Company to secure money. No such conveyance is recited or evidenced. A conveyance of personal property appraised a year after the transaction at $4,875 was not taken as security for a payment of $35,000; and there is no recital or evidence or indication that it was taken as security for any other sum.

The conclusion of the trial court that the contract is a chattel mortgage was based wholly upon the stipulation in the contract that it might be filed as a chattel mortgage and the stipulation in the case that it was filed as such. It is argued that as the intention of the parties was that it be considered as a chattel mortgage, it should be construed according to that intention. But if it be granted that such was the intention, the intention of the parties will not control the legal effect of their transaction. 11 Corp. Jur. p. 405.

Was the contract a conditional sale? By our statute, sec. 122.01, a conditional sale is "any contract for the sale of

goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of a part or all of the price." By the contract the title to the real estate clearly did not vest and was not to become vested until delivery of a deed. There was no express mention of reservation of title to the personal property, but it was provided that the title to the "premises" should not vest until one half the purchase price was paid. The personalty was all on the land, except the truck, and used on the land and with the land in making brick, and apparently in part affixed to the land. The land, plant, and equipment and all the personal property were considered and treated as a whole. The provision for filing as a chattel mortgage clearly indicates that the seller retained an interest in the personalty and that the transaction was not intended as an absolute sale. The seller expressly retained the right to take immediate possession of the personalty, as well as of the land, in case of any default by the purchaser "in the performance of any condition," and as to the personalty this is equivalent to an express reservation of title.

We conclude that the contract was a conditional sale within the meaning of sec. 122.01, and that the plaintiff's rights are superior to those of the attaching creditors, except as to the brick and oil tank, which should be retained by the sheriff and sold under the attachments. This renders it unnecessary to review the court's finding upon the question of Trace's residence.

It appears from the printed case that the plaintiff and defendants Trace and the Clay Products Company entered into stipulations for settlement of the issues as between themselves, but the stipulations are not in the record and their contents are not stated and we cannot indicate the form of judgment to be entered.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded for further proceedings.